# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **JARIUS YOUNG** | **CIVIL ACTION NO. 3:16-cv-0199** |
| **LA. DOC #588133** | |
| **VS.** | **SECTION P** |
| **OUACHITA CORRECTIONAL CENTER** | **JUDGE ROBERT G. JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Pro se plaintiff Jarius Young, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 11, 2016.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections.  He sued the Ouachita Correctional Center (OCC) and "Ouachita Correctional Facility," alleging a violation of his Constitutional right to practice his religion and prayed for a transfer to another facility.  He has since been transferred, and is currently incarcerated at the Caldwell Correctional Center (CCC).  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

As noted above, Plaintiff has only asked this Court to transfer him to another facility.  As this as happened since the filing of this matter, his present complaint is MOOT.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** as **MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*,** 79 F.3d 1415 (5th Cir.  1996).

Chambers, Monroe, Louisiana, March 24, 2016.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**